# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRINA EDWARDS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-0164 |
| | : | |
| FOX CHASE CANCER CENTER, | : | |
|     Defendant. | : | |

## MEMORANDUM

**GOLDBERG, J.**                                                                                                   JANUARY 16, 2019

     *Pro se* Plaintiff Patrina Edwards filed this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §§ 12112-12117, against the Fox Chase Cancer Center. (ECF No. 2.) She has also filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and a Motion for Appointment of Attorney (ECF No. 3). For the following reasons, the Court will grant Edwards leave to proceed *in forma pauperis*, dismiss her Complaint with leave to amend, and deny her Motion for Appointment of Attorney at this time.

## I.     FACTS

     Edwards used this Court's form complaint for filing an employment discrimination suit to initiate this action. As noted above, she asserts that she is pursuing claims pursuant to Title VII and the ADA. (Compl. at 1.)[1] By checking the appropriate locations on the form, Edwards states that the Defendant discriminated against her by failing to reasonably accommodate her disability, failing to stop harassment, and by enforcing "[u]nequal terms and conditions of [her] employment." (*Id.* at 3.) She alleges that the Defendant discriminated against her based on her

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

race (African-American) and age. (*Id.*) Given that Edwards states that the Defendant discriminated against her based on her age, her Complaint could also be liberally construed to assert claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634.

For the facts of her case, Edwards states that she "filed a charge of discrimination with [the] EEOC." (Compl. at 3.) She notes that she received a Right to Sue Letter from the EEOC on December 20, 2018. (*Id.* at 4; *see id.* at 6.) As relief, Edwards asks that the Court direct the Defendant "to reasonably accommodate [her] disabilities" and grant her "appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees." (*Id.* at 5.)

## II. STANDARD OF REVIEW

The Court will grant Edwards leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* "[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*,

578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). As Edwards is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; 42 U.S.C. § 12112). In general, to establish a *prima facie* case of employment discrimination, a plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action, and; (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). To state a claim for employment discrimination under the ADA, a plaintiff must allege that she is a "qualified individual with a disability" within the meaning of the ADA, and that she suffered an adverse employment decision as a result of the discrimination. *Tice v. Ctr. Area Transp. Auth.*, 247 F.3d 506, 511-12 (3d Cir. 2001). To establish a *prima facie* case of age discrimination, a plaintiff must allege that "(1) [she] is at least forty years old; (2) [she] suffered an adverse employment decision; (3) [she] was qualified for the position in question; and (4) [she] was ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive." *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015) (citing *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013)). Although a plaintiff need not establish a *prima facie* case to survive dismissal for failure to state a claim, she still must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotations omitted).

Here, Edwards has not alleged any facts supporting her conclusory allegations that the Defendant discriminated against her. While Edwards has indicated that the Defendant discriminated against her based on her race, age, and disabilities, she has not explained how she was discriminated against because of those characteristics. Because the Complaint does not contain anything more than conclusory allegations of discrimination, Edwards has failed to state claims pursuant to Title VII, the ADA, and the ADEA at this time. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss.").

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Edwards leave to proceed *in forma pauperis* and dismiss her Complaint. This dismissal will be without prejudice to Edwards's right to file an amended complaint in the event she can cure the defects noted above. Edwards's Motion for Appointment of Attorney will be denied without prejudice at this time. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate Order follows.